JOHNSON ET AL., APPELLANTS, *v.*
HARDNETT ET AL., APPELLEES.

(No. L-77-282—Decided July 14, 1978.)

*Mr. J. Lyndal Hagemeyer,* for appellants.
*Mr. David M. Mohr,* for appellees.

CONNORS, J. This appeal is from a judgment entered in Lucas County Common Pleas Court pursuant to the withdrawal of a jury demand and the submission to the court of an agreed statement of facts.

On the afternoon of February 26, 1976, plaintiff Alphonso Johnson, Jr., arrived at his place of employment, a Jeep Plant, and temporarily parked his car in the area located between the plant and a factory operated by the Goodman Company. It appears that Goodman used this space as an access road and, in times of congestion, had vehicles towed from the area.

When, after several minutes, plaintiff returned to move his car into the Jeep parking lot, he found that it had been "hooked up" to a tow truck owned by defendant Leroy Hardnett. Plaintiff asked the driver to release his car, but the driver refused. Plaintiff then positioned himself in front of the tow truck and asked a fellow worker to summon the captain of the Jeep plant security force. The driver called someone on his C.B. radio and, soon thereafter, defendant Sam M. Ashley arrived.

Defendant Ashley, an employee of defendant Hardnett, told the tow truck driver to "move" the plaintiff. When he refused, Ashley got into the driver's seat and drove the vehicle forward, bumping plaintiff approximately three times. Then, after threatening to run over any Jeep employee who got in his

way, defendant Ashley drove the tow truck into plaintiff, who had turned his back to the vehicle. Plaintiff was knocked to the pavement and injured.

Following the filing of plaintiffs' complaint and defendants' answer, defendants moved for a summary judgment. The motion was overruled on December 23, 1976, and a jury trial was scheduled for September 21, 1977.

At a pretrial conference on September 20, 1977, the court indicated that, based on the outline of evidence presented, it would direct a verdict for defendants. Consequently, both counsel withdrew their jury demand and prepared an agreed statement of facts.

On the basis of those facts, the court entered a judgment in favor of defendant Sam Ashley, finding that, although Ashley did assault Johnson, Johnson had assumed the risk of such assault.

From that judgment, plaintiffs now appeal.

Plaintiffs present three assignments of error; the first and second are phrased thusly:

"It is prejudicial error for the trial court to apply the doctrine of assumption of risk to an assault.

"Where a driver tells a person standing in front of his vehicle to move or he will run him over, and upon failure to move the driver does run him over, and the trial court finds there was an assault by the driver, it is error for the court to apply the doctrine of assumption of risk and enter judgment for the defendant."

In its judgment entry of November 4, 1977, the trial court found that defendant Sam M. Ashley "***did assault the plaintiff, Alphonso Johnson, Jr." In that the record reveals the presence of the essential elements of assault—as that act is defined in R. C. 2903.13—we agree with the lower court's finding.

However, the court then found that plaintiff had "***assumed the risk of the assault***." With this finding, we do not agree.

As stated in Prosser on Torts 101, Section 18 (4th ed. 1971):

"It is a fundamental principle of the common law that *volenti non fit injuria*—to one who is willing, no wrong is done. The attitude of the courts has not, in general, been one

of paternalism. Where no public interest is contravened, they have left the individual to work out his own destiny, and are not concerned with protecting him from his own folly in permitting others to do him harm. In the field of negligence, this policy has been given effect by the doctrine of assumption of risk, which relieves the defendant of the obligation to exercise care."

In essence, assumption of the risk means:

"***[t]he plaintiff, in advance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone." (Prosser, *supra*, at page 440.)

The doctrine of *volenti non fit injuria* is applicable to injuries which are not of vital concern to the public welfare; it does not apply where a statute enacted for the protection of the public has been violated. See 5 Ohio Jurisprudence 2d 118, Assault and Battery, Section 19; Prosser on Torts 453-454, Section 68 (4th ed. 1971).

The statutory prohibitions relative to assault (R. C. 2903.13) have been enacted to protect the public against breaches of the peace. Defendant Ashley's actions on the afternoon of February 26, 1976, constituted an assault against plaintiff Johnson, as well as a breach of the public peace. Consequently, the defense of assumption of the risk was not available.

The lower court erred in applying the doctrine of assumption of the risk to a case involving assault, and further erred in finding that plaintiff Johnson herein had assumed the risk of defendant's assault. Assignments of error Nos. 1 and 2 are found well taken.

Assignment of error No. 3 is as follows:

"It is prejudicial error for the court upon hearing to overrule defendant's motion for summary judgment and at trial to grant judgment to defendant based on the same facts."

The record indicates that defendants' motion for a summary judgment was overruled by the lower court on December 23, 1976. Nine months later, on the basis of an agreed statement of facts submitted by the parties, the court entered a judgment in favor of defendant Ashley. We find neither incon-

sistency, nor prejudicial error in the procedure followed by the court.

The lower court did not err to the prejudice of the plaintiffs. Assignment of error No. 3 is found not well taken.

Coming now to enter that judgment which the trial court should have entered, a final judgment on the issue of liability only is entered in favor of plaintiffs; a final judgment on the issue of damages is reserved for a determination by the trial court. This cause is remanded to the Lucas County Common Pleas Court for further proceedings consistent with this opinion.

*Judgment reversed.*

BROWN and WILEY, JJ., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.